# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              CASE NO. 4:11CR00016 BSM

CHARLES COULTER                                                             DEFENDANT

## ORDER

Defendant Charles Coulter's motion to suppress evidence [Doc. No. 18] and supplemental motion to suppress evidence [Doc. No. 27] obtained from a search of his home are denied.

A hearing on Coulter's motion was held on July 27, 2011, and the government presented the testimony of North Little Rock police officer Phillip Hammonds and former North Little Rock police officer Mickey Schuetzle. On June 17, 2010, Hammonds and Schuetzle responded to the home of Angela Harrison. Harrison was concerned about inappropriate text messages she had seen that Coulter sent to his nine year old daughter. Hammonds and Schuetzle viewed the text messages and were also informed of some possible photos on Coulter's computer of his daughter. Together with their Sargent, Wes Honeycutt, Hammonds and Schuetzle decided to conduct a welfare check at Coulter's residence.

The three police officers arrived at Coulter's residence, walked up the driveway into the carport, and knocked on the door. His daughter answered the door and the officers asked if her father was home. She responded that her father was in the backyard. Schuetzle and Honeycutt walked around the side of the house to the backyard and Hammonds remained in

the carport with Coulter's daughter. When Schuetzle and Honeycutt came to the back of the house they saw Coulter sitting in the backyard smoking a cigarette. The backyard was enclosed by a four foot chain link fence that was visible from the street. Schuetzle and Honeycutt yelled across the fence and asked Coulter if he was the minor's father. He responded yes, and Schuetzle and Honeycutt then asked him if they could speak with him. Coulter told the officers to "come on back."

Schuetzle and Honeycutt questioned Coulter about the text messages and Coulter agreed with them that they were inappropriate. Schuetzle then mirandized Coulter. The officers asked Coulter if he had any text messages in his phone at that time. He showed them that he did not. The officers then questioned Coulter about inappropriate photographs taken of his daughter. Coulter admitted that he had taken such photographs and that they were on his computer. The officers requested Coulter's consent to search, he agreed and signed a consent to search form. Upon their initial search of Coulter's computer, the officers found a nude photograph of Coulter's daughter and arrested Coulter.

Coulter moves to suppress the evidence seized at his home claiming that the search violated the Fourth Amendment. His chief argument is that the officers' warrantless search was limited to area of his home that was generally made available to visitors and that his backyard is not one of those areas. He therefore concludes that the officers violated his Fourth Amendment rights by entering his backyard.

Coulter is correct that without a warrant police officers are limited in the areas that

they may search. When officers perform a "knock and talk," as was done here, they are limited "to those areas generally made accessible to visitors–such as driveways, walkways, or similar passageways." *United States v. Wells*, 648 F.3d 671, 679 (8th Cir. 2011) (citing *United States v. Reed*, 733 F.2d 492, 501 (8th Cir. 1984)). Although Schuetzle and Honeycutt went beyond the driveway and walked around to the backyard, this is permitted when officers have reason to believe that the homeowner is in the backyard. *See United States v. Raines*, 243 F. 3d 419, 420 (8th Cir. 2001). Indeed, the officers were told by Coulter's daughter that he was in the backyard. Therefore, they did not violate the Fourth Amendment.

Coulter further argues that when he consented to the search of his home, he consented only to a search being conducted by Hammonds, Schuetzle and Honeycutt. The search was actually conducted by an additional four officers. Coulter maintains that because he did not consent to a search performed by the additional officers, it was unlawful.

When a homeowner fails to object to the continuation of a consent search, the continued search is objectively reasonable and does not violate the Fourth Amendment. *See United States v. Alcantar*, 271 F.3d 731, 738 (8th Cir. 2001) *and United States v. Gleason*, 25 F.3d 605, 607 (8th Cir. 1994). And, although Coulter was present when the additional officers arrived and conducted the search, he never objected to their presence. Given the fact that Coulter consented to the search, showed the initial officers the location of the evidence, and then failed to object to the search conducted by the additional officers, it is hereby determined that his Fourth Amendment rights were not violated.

3

For the reasons set forth above, Coulter's motion to suppress [Doc. No. 18] and supplemental motion to suppress [Doc. No. 27] are denied.

IT IS SO ORDERED this 30th day of November 2011.

_____
UNITED STATES DISTRICT JUDGE