**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**                  **CASE NO. 4:11CR00016 BSM**

**CHARLES COULTER**                                                   **DEFENDANT**

## PRELIMINARY ORDER OF FORFEITURE

On February 29, 2012, defendant Charles Coulter appeared and pled guilty to count one of the indictment dated January 4, 2011. Coulter agreed to forfeit property attendant to that count. Based on the evidence in the record that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253 and the fact that the government has established the requisite nexus between such property and such offenses, Coulter shall forfeit the following personal property to the United States (hereinafter the "Subject Property"):

**One Nikon D60 digital camera, serial no. 3190861**

**One E Machine computer, serial no. GCJ85700006928, containing one Western Digital Hard Drive 1200**

**One Promaster SD card [OC2 SD 2GB (3069)]**

Upon the entry of this order, the United States Attorney General, or his designee, is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3). Additionally, the United States Attorney General, or a designee, is further authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General, or his designee, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 2253, which incorporates 21 U.S.C. §853(n).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(a), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Additionally, if no third party files a timely claim, this order shall become the final order of forfeiture.

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery

is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions.

The undersigned shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED this 21st day of March 2012.

_____
UNITED STATES DISTRICT JUDGE